## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## CLARKSBURG DIVISION

|  |  |  |
|---|---|---|

**VALERIE WHITMAN,**              )

       **Plaintiff,**              )

**vs.**              )

**RUBY TUESDAY, INC.**              )
**and JOE MONTGOMERY,**              )

       **Defendants.**              )

> ELECTRONICALLY
> FILED
> Apr 18 2017
> U.S. DISTRICT COURT
> Northern District of WV

**No.** _____1:17-cv-58 (Keeley)_____

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendants Ruby Tuesday, Inc. and Joe Montgomery ("Defendants") hereby give notice of the removal of this action from the Circuit Court for the State of West Virginia, 15th Judicial District to the United States District Court for the Northern District of West Virginia, Clarksburg Division.  Defendants deny the allegations contained in the Complaint and file this Notice of Removal without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court.  In support of this removal, Defendants state as follows:

### BACKGROUND

1.     On March 13, 2017, Plaintiff Valerie Whitman ("Plaintiff") commenced a civil action against Defendants in the Circuit Court for the State of West Virginia, 15th Judicial District, styled as *Valerie Whitman v. Ruby Tuesday, Inc. and Joe Montgomery*, Case No. 17-C-77-2 (the "Civil Action") alleging claims for (1) gender discrimination/stereotyping in violation of the West Virginia Human Rights Act ("WVHRA"); (2) hostile work environment based on sexual harassment in violation of the WVHRA; (3) retaliatory discharge in violation of WVHRA; and (4) the tort of outrage.

2.      Defendant Ruby Tuesday, Inc. received service of process through its registered agent on March 20, 2017.   Pursuant to 28 U.S.C. § 1446(a), copies of the stamped filed Summons and Complaint are attached hereto as **Exhibit A**.

3.      This Notice of Removal is filed within thirty (30) days after receipt by Ruby Tuesday through service or otherwise, of the Complaint, and is therefore timely filed under 28 U.S.C. § 1446(b).

### DIVERSITY OF CITIZENSHIP

4.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  There is complete diversity because all properly joined parties are diverse and the amount in controversy exceeds $75,000.

5.      Plaintiff's is an individual residing in Weston, West Virginia.   [Complaint ("Compl."), ¶ 1].

6.      Defendant Ruby Tuesday, Inc. ("Ruby Tuesday") is a Georgia Corporation with its principal place of business located at 150 West Church Avenue, Maryville, Tennessee 37801.

7.      Defendant Joe Montgomery ("Montgomery") is an individual residing in Morgantown, West Virginia. However, Montgomery's citizenship is to be disregarded for jurisdictional purposes, and removal is proper on the basis of diversity jurisdiction, because Montgomery was fraudulently joined as a defendant to this action.

8.      Under 28 U.S.C. § 1441, federal courts cannot exercise diversity jurisdiction over a case where the plaintiff is a citizen of the same state as any defendant. *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 218 (4th Cir. 2015). Nonetheless, "the district court can disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants" who were fraudulently joined. *Id*. at 218.

9. A plaintiff fraudulently joins a defendant when (1) "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court," or (2) "there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993).[1]

10. In support of its position that Montgomery was fraudulently joined as a party defendant, Defendants state as follows:

    a. Plaintiff's sexual orientation forms the basis of her claims for gender discrimination/stereotyping, hostile work environment, and retaliatory discharge against Montgomery. [Compl., ¶¶ 9-11]. However, discrimination based upon sexual orientation is not actionable. *Wamsley v. Lab Corp.*, No. 1:07-cv-43, 2007 WL 2819632, at *1 (N.D. W.Va Sept. 26, 2007) (holding that "it is the practice of the West Virginia Supreme Court of Appeals to look to federal discrimination law dealing with Title VII when interpreting provision of WVHRA. . . . Because sexual orientation discrimination is not actionable in federal law, West Virginia would not recognize such a cause of action."). Accordingly, there is no possibility that Plaintiff would be able to establish these claims against Montgomery in state court.

    b. Moreover, Plaintiff is unable to establish her claims for gender discrimination/stereotyping, hostile work environment, and retaliatory discharge against Montgomery because Plaintiff's Complaint does not contain a claim for supervisor liability pursuant to W.Va. Code § 5-11-9(7). In fact, Plaintiff makes only one, general reference to the West Virginia Human Rights Act in her

---

[1] At this time, Defendants do not allege outright fraud by Plaintiff in the pleading of jurisdictional facts.

Complaint under "Count I - Gender Discrimination/Stereotyping" in which Plaintiff states, "The actions and/or omissions of Defendants as herein alleged constitute discrimination in violation of the West Virginia Human Rights Act. . . " [Compl., ¶ 24].

In order for Montgomery to be individually liable to Plaintiff under the WVHRA, Plaintiff must assert allegations that Montgomery's actions violated W.Va. Code § 5-11-9(7). *See Park v. S&S Firestone*, Inc., No. 5:14-cv-17286, 2014 WL 12625463, at *4 (S.D. W.Va. Aug. 27, 2014) (dismissing individual defendant as fraudulently joined because plaintiff's complaint did not contain a claim for violation of W.Va. Code § 5-11-9(7)). Similar to *Park,* Plaintiff's Complaint does not contain any such claims.

c.  Additionally,  Plaintiff's allegations demonstrate that she cannot recover against Montgomery for hostile work environment because his alleged conduct was not sufficiently severe or pervasive to alter the conditions of her employment or to create an abusive atmosphere. *See Ocheltree v. Scollon Productions, Inc.*, 335 F.3d 325, 331 (4th Cir. 2003).  In determining whether the work environment was objectively abusive, courts consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  *Id.* at 333.  The only allegations Plaintiff asserts against Montgomery are as follows:

    i.  he had knowledge of Plaintiff's sexual orientation; [Compl., ¶ 9]

    ii.  he did not permit Plaintiff to speak directly to him [P Compl., ¶ 10];

iii.    he made derogatory and degrading comments about Plaintiff's sexuality including "your kind aren't welcome here" and that "he would 'never work with a gay person again.'" [Compl., ¶ 11]; and

iv.    that when she reported alleged harassment to him, he "laughed and took no corrective action." [Compl., ¶ 15]

Based on these allegations, Plaintiff could not possibly establish a hostile work environment claim against Montgomery in state court.  Plaintiff does not claim that the alleged conduct was frequent, severe, physically threatening or humiliating, or that it unreasonably interfered with her work performance.  Courts in the Fourth Circuit have held that  a plaintiff's failure to allege sufficient facts connecting an individual defendant's actions to the claim bars the claim against the individual defendant.  *See Weidman v. Exxon Mobil Corp*., 776 F.3d 214, 218 (4th Cir. 2015).

d.  Similarly, Plaintiff could not possibly establish a retaliatory discharge claim against Montgomery in state court because she does not allege that Montgomery terminated her employment or that he "aided, abetted, incited, compelled, or coerced" her termination in retaliation for her alleged complaints as required in order to sustain a claim for supervisor liability under W.Va Code § 5-11-9(7). *See Park,* 2014 WL 12625463, at *4.

e.  Finally, there is no possibility that Plaintiff could establish a tort of outrage claim against Montgomery in state court.  Plaintiff may only recover under the tort of outrage if her "distress results from the outrageous manner by which the employer effected the discharge."  *Roth v. DeFeliceCare, Inc.,* 700 S.E.2d 183, 195 (W.Va.

5

2010).  Not only were Montgomery's actions not sufficiently outrageous,[2] but Plaintiff does not contend that Montgomery had anything to do with, or effected, her discharge.  Accordingly, Plaintiff has no possibility of a right to relief against Montgomery in state court on her tort of outrage claim.

11.    Therefore, Montgomery has been fraudulently joined as a defendant in this action and should be disregarded in determining whether diversity jurisdiction exists in this case. The Court should assume jurisdiction over this matter, as complete diversity of citizenship exists between Plaintiff and Ruby Tuesday.  Additionally, the Court should dismiss Montgomery as a defendant.  *See Carden v. Wal-Mart Stores, Inc.*, 574 F. Supp.2d 582, 588 (S.D. W.Va. 2008) ("Under the fraudulent joinder doctrine, the District Court may assume jurisdiction notwithstanding a lack of complete diversity of citizenship as between the plaintiff(s) and the defendant(s) and upon finding fraudulent joinder of the defendant(s), may dismiss the fraudulently joined non-diverse defendant(s)").

### AMOUNT IN CONTROVERSY

12.    The amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs.

13.    Plaintiff's Complaint requests open-ended relief in the form of monetary and noneconomic damages, including:  "past lost wages, future lost wages, embarrassment, anxiety, fear, emotional distress, severe financial hardship, and attorneys fees," as well as punitive damages.  [Compl., ¶ 41 and Prayer for Relief].

---

[2] *Honaker v. Town of Sophia,* 184 F.Supp.3d 319, 328 (S.D. W.Va. 2016) (noting that "outrageous" conduct must be atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency.").

6

14.     It is more likely than not that Plaintiff's claims will meet and/or exceed the amount in controversy requirement. *See Sayre v. Potts*, 32 F. Supp.2d 881, 886 (S.D. W. Va. 1999) (where the original complaint does not state a specific damages amount, the defendant must  prove  by  a preponderance of the evidence, *i.e.,* that it is more likely than not, that the amount in controversy exceeds $75,000).

15.     Considering Plaintiff's request for damages, the amount in controversy exceeds $75,000.

## REMOVAL IS PROPER

16.     For the foregoing reasons, this Court has original jurisdiction of this Civil Action pursuant to 28 U.S.C. § 1332(a)(1), as it is a matter between citizens of different states with the amount in controversy exceeding $75,000.00, exclusive of interests and costs.

17.     This action is removable pursuant to Removal is therefore proper under 28 U.S.C. § 1441(a), because this Court has diversity jurisdiction.

18.     A Notice of Filing Notice of Removal will be filed in the Circuit Court for the State of West Virginia, 15th Judicial District, with copies served on Plaintiff's counsel, pursuant to 28 U.S.C. §§ 1446(a) and (d), attached hereto as **Exhibit B**.

19.     Defendants consent to the removal of this action to this Court.

20.     By filing this Notice of Removal, Defendants do not waive any defenses, including without limitation, lack of personal jurisdiction, improper service, improper venue or forum, all defenses specified in Fed. R. Civ. P. 12, or any other defense.

21.     If any question arises as to the propriety of this removal, Defendants request the opportunity to brief any disputed issues in support of their position that this case is properly

removable. Defendants also reserve the right to supplement this Notice of Removal as appropriate.

WHEREFORE, Defendants hereby give notice that the above-referenced action now pending against it in the Circuit Court for the State of West Virginia, 15th Judicial District, has been Removed therefrom to this Court.

Respectfully submitted,

BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ PC

s/ Charles K. Grant
Charles K. Grant (WV Bar No. 5732)
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, Tennessee  37201
Telephone: (615)726-5767
Fax: (615)744-5767

Attorney for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 18, 2017 a copy of the foregoing Notice of Removal has been sent via prepaid overnight express delivery (FedEx), to the following:

Erika Klie Kolenich
Karl Kolenich
KLIE LAW OFFICES, PLLC
85 W. Main Street
Buckhannon, WV 26201

s/ Charles K. Grant
Charles K. Grant