# EXHIBIT A

# SUMMONS
## CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

VALERIE WHITMAN

                Plaintiff

v.                    17-C-77           JUDGE THOMAS A. BEDELL

RUBY TUESDAY, INC.
540 D BIG TYLER ROAD
CHARLESTON     WV 25313

JOE MONTGOMERY
8 EAST STREET
MORGANTOWN     WV 26501

                Defendant

*[Stamp: ACCEPTED FOR SERVICE OF PROCESS — SECRETARY OF STATE, STATE OF WEST VIRGINIA — 2017 MAR 15 P 1:51]*

To the Above-Named Defendant(s):
IN THE NAME OF THE STATE OF WEST VIRGINIA,

    you are hereby summoned and required to serve upon
    KARL KOLENICH
    Plaintiff's attorney whose address is
    85 W. MAIN STREET
    BUCKHANNON, WV 26201

an answer, including any related counter-claim you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 30 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counter claim in the above-styled civil action.

DATED: 03/13/17

                                        ALBERT F. MARANO, CLERK
                                        Harrison County Circuit Court
                                        By: _____, Deputy

**CIVIL CASE INFORMATION STATEMENT**
**CIVIL CASES**
(Other than Domestic Relations)

In the Circuit Court, __Harrison__ County, West Virginia

## I. CASE STYLE:

**Plaintiff(s)**  Case # __17-C-77-2__

Valerie Whitman  Judge: __Bedell__

c/o Klie Law Offices, PLLC

85 W. Main St., Buckhannon, WV 26201

vs.

Ruby Tuesday, Inc.
**Defendant(s)** c/o CT Corporation System

540 D. Big Tyler Road
Street
Charleston, WV 25313
  City, State, Zip

| | Days to Answer | Type of Service |
|---|---|---|
| | 30 | Secretary of State |

Joe Montgomery

8 East Street

Street
Morgantown, WV 26501-4511
  City, State, Zip

| | 20 | Certified Mail |

**Street**

**City, State, Zip**

**Street**

**City, State, Zip**

Original and __3__ copies of complaint enclosed/attached.

SCA-C100.02 / 1 of 2

FILED IN 15TH CIRCUIT COURT 2017 MAR 13 A 8:44

| PLAINTIFF: Valerie Whitman | CASE NUMBER: 17-C-77-2 |
|---|---|
| DEFENDANT: Ruby Tuesday, Inc. and Joe Montgomery | |

II. **TYPE OF CASE:**

- ☑ General Civil
- ☐ Mass Litigation (As defined in T.C.R. Rule XIX (c))
    - ☐ Asbestos
    - ☐ Carpal Tunnel Syndrome
    - ☐ Diet Drugs
    - ☐ Environmental
    - ☐ Industrial Hearing Loss
    - ☐ Silicone Implants
    - ☐ Other: _____
- ☐ Adoption
- ☐ Administrative Agency Appeal
- ☐ Civil Appeal from Magistrate Court
- ☐ Miscellaneous Civil Petition
- ☐ Mental Hygiene
- ☐ Guardianship
- ☐ Medical Malpractice
- ☐ Habeas Corpus/Other Extraordinary Writ
- ☐ Other: _____

III. **JURY DEMAND:** ☑ Yes ☐ No

CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR): 12 / 2018

IV. **DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY?** ☐ YES ☑ NO

IF YES, PLEASE SPECIFY:

- ☐ Wheelchair accessible hearing room and other facilities
- ☐ Interpreter or other auxiliary aid for the hearing impaired
- ☐ Reader or other auxiliary aid for the visually impaired
- ☐ Spokesperson or other auxiliary aid for the speech impaired
- ☐ Other: _____

Attorney Name: Karl Kolenich, Esq. (12446)
Firm: Klie Law Offices, PLLC
Address: 85 W. Main St. Buckhannon, WV
Telephone: (304) 472-5007
Dated: 3/6/2017

Representing:
☑ Plaintiff  ☐ Defendant
☐ Cross-Complainant ☐ Cross-Defendant

_____
Signature

☐ Proceeding Without an Attorney

SCA-C100.02 / 2 of 2

## IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

VALERIE WHITMAN,

    Plaintiff,

v.                                        CIVIL ACTION NO.: 17-C-77-2

RUBY TUESDAY, INC.
and JOE MONTGOMERY,

    Defendants.

### COMPLAINT

Now comes the Plaintiff, Valeria Whitman and for her cause of action against the Defendants, Ruby Tuesday, Inc. and Joe Montgomery state and allege as follows, to-wit:

1. Plaintiff, Valerie Whitman (hereinafter referred to as "Plaintiff Whitman") is an adult individual and resident of Weston, Lewis County, West Virginia.

2. Defendant, Ruby Tuesday, Inc. (hereinafter referred to as "Defendant Ruby Tuesday") is a foreign corporation licensed and authorized to do business in the State of West Virginia and does actively and systematically conduct, contract and transact business in West Virginia, further, Defendant Ruby Tuesday has a principal office address of 150 West Church Avenue, Maryville, TN 37801 and a Notice of Process contact of CT Corporation System, 5400 D. Big Tyler Road, Charleston, WV 25313.

3. Defendant Joe Montgomery (hereinafter referred to as "Defendant Montgomery"), is an adult individual and upon information and belief is a resident of Morgantown, Monongalia County, West Virginia.

4. Based upon information and belief and at all times relevant herein, Defendant Montgomery was employed as the General Manager of Defendant Ruby Tuesday and was Plaintiff Whitman's supervisor at the Clarksburg, West Virginia location.

5. Based upon information and belief, Plaintiff Whitman was hired by Defendant Ruby Tuesday as an assistant manager on or about August 10, 2016 at which time she began training at a Uniontown, Pennsylvania location.

6. Based upon information and belief, Plaintiff Whitman completed training and started employment as the Assistant Manager at the Clarksburg, West Virginia on or about October 3, 2016.

7. Throughout the duration of her employment, Plaintiff Whitman performed all of her work duties in a satisfactory or above satisfactory manner and never committed any separate dischargeable offense.

8. Shortly after she began employment at the Clarksburg, West Virginia location, Plaintiff Whitman began suffering gender discrimination and harassment and a hostile work environment created largely by Defendant Joe Montgomery.

9. Upon information and belief, prior to her transfer from the Uniontown location, Defendant Montgomery had knowledge of Plaintiff Whitman's Lesbian Sexual orientation.

10. Upon information and belief, Defendant Montgomery did not permit Plaintiff Whitman to speak directly to him; rather, if she had a question, Plaintiff Whitman had to have other employees relay the message to Defendant Montgomery. Other employees where permitted to talk directly to Defendant Montgomery.

11. Upon information and belief Defendant Montgomery made several derogatory or degrading comments about Plaintiff's sexuality directed towards or regarding Plaintiff Whitman, including but not limited to "your kind aren't welcome here", and he would "never work with a gay person again".

12. Approximately two (2) weeks after she began her position at the Clarksburg location, Plaintiff reported the hostile work environment and discrimination to, Shawna, the General Manager of the Uniontown location.

13. Shortly thereafter, Plaintiff had a meeting with Shawna, Buddy Beavers, and Defendant Montgomery; however, no corrective action was taken.

14. Further, subsequent to said hearing, the discrimination, harassment and hostile work environment worsened.

15. Further, throughout her employment, Plaintiff Whitman suffered sexual harassment as several male employees of Defendant Ruby Tuesday made inappropriate and unwelcomed sexual comments about watching her perform sexual acts.

16. Plaintiff Whitman reported said sexual harassment to Defendant Montgomery who laughed about the situation and took no corrective action.

17. Further, Plaintiff Whitman reported the harassment to Buddy Beavers, verbally and via text message. Mr. Beavers indicated that he would schedule a meeting regarding the same; however, said meeting was never set.

18. On or about December 21, 2016, Buddy on behalf of Defendant Ruby Tuesday terminated Plaintiff Whitman's employment giving a reason of cussing and making another employee cry.

## COUNT 1 - Gender Discrimination/Stereotyping

19. Plaintiffs hereby restate each and every allegation contained in paragraph one (1) through eighteen (18) of this Complaint as if fully rewritten herein.

20. Based upon information and belief, Plaintiff Whitman was treated in a disparate manner based at least in part upon her gender; said disparate treatment includes but is not limited to: unlawful termination related to her gender.

21. Further, Plaintiff Whitman was degraded and belittled based on stereotyping of sexual orientation and preferences, specifically, Plaintiff was told to look at the ground when speaking to Defendant Montgomery, was generally not permitted near Defendant Montgomery and was often unable to speak directly to him.

22. Further, on multiple occasions, Defendant Montgomery made several degrading or derogatory remarks toward or about Plaintiff Whitman in a stereotypical manner.

23. Based upon information and belief, Defendants Ruby Tuesday and Joe Montgomery, had actual and/or constructive knowledge of said disparate treatment and acquiesced in and/or failed to take action to remedy the same.

24. The actions and/or omissions of Defendants as herein alleged constitute discrimination in violation of the West Virginia Human Rights Act, and directly and proximately caused Plaintiffs to suffer injuries, damages and losses as hereinafter set forth.

## COUNT 2 - Hostile Work Environment - Sexual Harassment

25. Plaintiff hereby restate each and every allegation contained in paragraphs one (1) through twenty four (24) of this Complaint as if fully rewritten herein.

26. During the duration of her employment with Defendant Ruby Tuesday, Plaintiff Whitman suffered a hostile work environment created mainly by Defendant Montgomery in that he made several degrading remarks about Plaintiff.

27. Based upon information and belief, Plaintiff also suffered unwelcomed and uncomfortable remarks made by male employees of Defendant Ruby Tuesday in which they insinuated some form of sexual contact with her.

28. Based upon information and belief, Defendant Ruby Tuesday had actual and/or constructive knowledge regarding said hostile work environment but failed to correct the same.

29. As a direct and proximate result of the illegal, wrongful, reckless, willful, intentional, negligent and tortuous sexual harassment of Plaintiff Whitman, Plaintiff has suffered damages and losses as hereinafter set forth.

## COUNT 3 - Retaliatory Discharge

30. Plaintiffs hereby restate each and every allegation contained in paragraphs one (1) through twenty nine (29) of this Complaint as if fully rewritten herein.

31. Approximately two (2) weeks after she began employment at the Clarksburg location, Plaintiff Whitman reported the discrimination and harassment and had a meeting with management in which nothing was resolved.

32. Plaintiff continued to suffer said discrimination and harassment and reported the same an additional time on or about mid December, 2016.

33. On or about December 21, 2016, Plaintiff's employment was terminated.

34. Plaintiff Whitman's termination took place in such a close time frame to her report of discrimination and harassment that retaliatory discharge can be reasonably inferred and therefore, Plaintiff's termination is wholly or in large part due to her report of harassment.

35. As a result of the acts and/or omissions of Defendants, Plaintiffs were caused to suffer injuries, damages and losses as hereinafter set forth.

## COUNT 4 - Tort of Outrage

36. Plaintiffs hereby restate each and every allegation set forth in paragraphs one (1) through thirty five (35) of this Complaint as if fully rewritten herein.

37. The wrongful acts and/or omissions of Defendant Ruby Tuesday and Defendant Montgomery were done in a severe and outrageous manner and were so extreme as to be intolerable in a civilized society.

38. Defendants acted intentionally and recklessly which caused Plaintiff extreme emotional distress.

39. As a result of the outrageous, wrongful actions aforesaid, Plaintiffs suffered injuries, damages and losses as hereinafter set forth.

## DAMAGES

40. Plaintiffs hereby restate each and every allegation contained in paragraphs one (1) through thirty nine (39) of this complaint as if fully rewritten herein.

41. As a direct and proximate result of the wrongful acts and/or omissions of the Defendants, Plaintiff Whitman was caused to suffer injuries, damages, and losses, including but not limited to: past lost wages, future lost wages, embarrassment, anxiety, fear, emotional distress, severe financial hardship, and attorney fees.

42. All of the aforementioned acts and/or omissions of Defendant Ruby Tuesday and Defendant Joe Montgomery were willful, wanton, and malicious and/or reckless.

WHEREFORE, Plaintiff Valeria Whitman, demands judgment against the Defendant Ruby Tuesday and Defendant Joe Montgomery, jointly and severally, and in an amount that would adequately compensate Plaintiff for the unlawful acts and/or omissions and violations of law by

Defendants, plus whatever other relief the Court or Jury would deem just; and for punitive damages in an amount adequate to punish and deter Defendants from committing this type of conduct in the State of West Virginia in the future and in such amounts as will satisfy all other reasons of law and public policy for an award of punitive damages; and Plaintiff further prays for an award of attorney fees, costs, interest, and for such other relief as the Court or jury deems just.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Valerie Whitman,
By Counsel,

Erika Klie Kolenich, Esq. (9880)
Karl Kolenich, Esq. (12446)
Klie Law Offices, PLLC
85 W. Main St.
Buckhannon, WV 26201
(304) 472-5007
Facsimile: 304-472-1126
ehklie@klielawoffices.com
karl@klielawoffices.com

## VERIFICATION

STATE OF __WV__ ;

COUNTY OF __Upshur__ ; TO-WIT:

I, Valerie Whitman, the Plaintiff named in the foregoing COMPLAINT after being first duly sworn, do hereby swear that the facts and allegations therein contained are true, except insofar as they are therein stated to be upon information and belief, and insofar as they are therein stated to be upon information and belief, I believe them to be true.

_____
Valerie Whitman

Taken, subscribed, and sworn to before me, a Notary Public, by Valeria Whitman on this the __2nd__ day of __March__, 2017.

My Commission expires: __7-20-20__

_____
Notary Public

**OFFICIAL SEAL**
**NOTARY PUBLIC**
**STATE OF WEST VIRGINIA**
**BRIDGET BONAMICO**
KLIE LAW OFFICES, PLLC
85 WEST MAIN STREET
BUCKHANNON, WV 26201
My commission expires July 20, 2020