IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

**VALERIE WHITMAN,**

    Plaintiff,

v.                                   Civil Action No. 1:17-CV-58 (Keeley)

**RUBY TUESDAY, INC.
and JOE MONTGOMERY,**

    Defendants.

## AMENDED COMPLAINT

    Now comes the Plaintiff, Valeria Whitman and for her cause of action against the Defendants, Ruby Tuesday, Inc. and Joe Montgomery state and allege as follows, to-wit:

1. Plaintiff, Valerie Whitman (hereinafter referred to as "Plaintiff Whitman") is an adult individual and resident of Weston, Lewis County, West Virginia.

2. Defendant, Ruby Tuesday, Inc. (hereinafter referred to as "Defendant Ruby Tuesday") is a foreign corporation licensed and authorized to do business in the State of West Virginia and does actively and systematically conduct, contract and transact business in West Virginia, further, Defendant Ruby Tuesday has a principal office address of 150 West Church Avenue, Maryville, TN 37801 and a Notice of Process contact of CT Corporation System, 5400 D. Big Tyler Road, Charleston, WV 25313.

3. Defendant Joe Montgomery (hereinafter referred to as "Defendant Montgomery"), is an adult individual and upon information and belief is a resident of Morgantown, Monongalia County, West Virginia.

4. Based upon information and belief and at all times relevant herein, Defendant Montgomery was employed as the General Manager of Defendant Ruby Tuesday and was Plaintiff Whitman's supervisor at the Clarksburg, West Virginia location.

5. Based upon information and belief, Plaintiff Whitman was hired by Defendant Ruby Tuesday as an assistant manager on or about August 10, 2016 at which time she began training at a Uniontown, Pennsylvania location.

6. Based upon information and belief, Plaintiff Whitman completed training and started employment as the Assistant Manager at the Clarksburg, West Virginia on or about October 3, 2016.

7. Throughout the duration of her employment, Plaintiff Whitman performed all of her work duties in a satisfactory or above satisfactory manner and never committed any separate dischargeable offense.

8. Shortly after she began employment at the Clarksburg, West Virginia location, Plaintiff Whitman began suffering gender discrimination and harassment and a hostile work environment created largely by Defendant Joe Montgomery.

9. Upon information and belief, prior to her transfer from the Uniontown location, Defendant Montgomery had knowledge of Plaintiff Whitman's Lesbian Sexual orientation.

10. Upon information and belief, Defendant Montgomery did not permit Plaintiff Whitman to speak directly to him; rather, if she had a question, Plaintiff Whitman had to have other employees relay the message to Defendant Montgomery. Other employees were permitted to talk directly to Defendant Montgomery.

11. Upon information and belief Defendant Montgomery made several derogatory or degrading comments about Plaintiff's sexuality directed towards or regarding Plaintiff Whitman, including but not limited to "your kind aren't welcome here", and he would "never work with a gay person again."

12. Approximately two (2) weeks after she began her position at the Clarksburg location, Plaintiff reported the hostile work environment and discrimination to, Shawna, the General Manager of the Uniontown location.

13. Shortly thereafter, Plaintiff had a meeting with Shawna, Buddy Beavers, and Defendant Montgomery; however, no corrective action was taken.

14. Further, subsequent to said hearing, the discrimination, harassment and hostile work environment worsened.

15. Further, throughout her employment, Plaintiff Whitman suffered sexual harassment as several male employees of Defendant Ruby Tuesday made inappropriate and unwelcomed sexual comments about watching her perform sexual acts.

16. Plaintiff Whitman reported said sexual harassment to Defendant Montgomery who laughed about the situation and took no corrective action.

17. Further, Plaintiff Whitman reported the harassment to Buddy Beavers, verbally and via text message. Mr. Beavers indicated that he would schedule a meeting regarding the same; however, said meeting was never set.

18. On or about December 21, 2016, Buddy on behalf of Defendant Ruby Tuesday terminated Plaintiff Whitman's employment giving a reason of cursing and making another employee cry.

<u>COUNT 1 - Gender Discrimination/Stereotyping</u>

19. Plaintiffs hereby restate each and every allegation contained in paragraph one (1) through eighteen (18) of this Complaint as if fully rewritten herein.

20. Based upon information and belief, Plaintiff Whitman was treated in a disparate manner based at least in part upon her gender; said disparate treatment includes but is not limited to: unlawful termination related to her gender.

21. Further, Plaintiff Whitman was degraded and belittled based on stereotyping of sexual orientation and preferences, specifically, Plaintiff was told to look at the ground when speaking to Defendant Montgomery, was generally not permitted near Defendant Montgomery and was often unable to speak directly to him.

22. Further, on multiple occasions, Defendant Montgomery made several degrading or derogatory remarks toward or about Plaintiff Whitman in a stereotypical manner.

23. When Plaintiff reported instances of sexual harassment to Defendant Montgomery, her direct supervisor, he laughed and did nothing to remedy said harassment.

24. Defendant Montgomery's actions violate W.Va. Code § 5-11-9 (2016), in that the same were committed with the purpose to harass, degrade, embarrass and to aid, abet, incite, compel and/or coerce others to engage in unlawful discriminatory practices as defined by the West Virginia Human Rights Act.

25. Based upon information and belief, Defendants Ruby Tuesday and Joe Montgomery, had actual and/or constructive knowledge of said disparate treatment and acquiesced in and/or failed to take action to remedy the same.

26. The actions and/or omissions of Defendants as herein alleged constitute discrimination in violation of the West Virginia Human Rights Act, and directly and proximately caused Plaintiffs to suffer injuries, damages and losses as hereinafter set forth.

### COUNT 2 - Hostile Work Environment - Sexual Harassment

27. Plaintiff hereby restates each and every allegation contained in paragraphs one (1) through twenty six (26) of this Complaint as if fully rewritten herein.

28. During the duration of her employment with Defendant Ruby Tuesday, Plaintiff Whitman suffered a hostile work environment created mainly by Defendant Montgomery in that he made several degrading remarks about Plaintiff which were frequent, severe, physically threatening, and humiliating to Plaintiff Whitman in regard to her performing sexual acts and watching her perform sexual acts.

29. Based upon information and belief, Plaintiff also suffered severe, unwelcomed, derogatory and uncomfortable remarks made by male employees of Defendant Ruby Tuesday in which they insinuated some form of sexual contact with her.

30. Multiple employees of Defendant made unwelcomed, uncomfortable, and derogatory remarks to Plaintiff Whitman, including remarks about desires to watch her commit sexual acts. Said conduct was frequent, severe, physically threatening and humiliating, and pervasive throughout Defendant's place of business and created an abusive atmosphere toward Plaintiff Whitman.

31. Based upon information and belief, Defendant Ruby Tuesday had actual and/or constructive knowledge regarding said hostile work environment but failed to correct the same.

32. As a direct and proximate result of the illegal, wrongful, reckless, willful, intentional, negligent and tortuous sexual harassment of Plaintiff Whitman, Plaintiff has suffered damages and losses as hereinafter set forth.

### COUNT 3 - Retaliatory Discharge

33. Plaintiffs hereby restate each and every allegation contained in paragraphs one (1) through thirty two (32) of this Complaint as if fully rewritten herein.

34. Approximately two (2) weeks after she began employment at the Clarksburg location, Plaintiff Whitman reported the discrimination and harassment and had a meeting with management in which nothing was resolved.

35. Plaintiff continued to suffer said discrimination and harassment and reported the same an additional time on or about mid December, 2016.

36. On or about December 21, 2016, Plaintiff's employment was terminated.

37. Plaintiff Whitman's termination took place in such a close time frame to her report of discrimination and harassment that retaliatory discharge can be reasonably inferred and therefore, Plaintiff's termination is wholly or in large part due to her report of harassment.

38. As a result of the acts and/or omissions of Defendants, Plaintiffs were caused to suffer injuries, damages and losses as hereinafter set forth.

### COUNT 4 - Tort of Outrage

39. Plaintiffs hereby restate each and every allegation set forth in paragraphs one (1) through thirty eight (38) of this Complaint as if fully rewritten herein.

40. The wrongful acts and/or omissions of Defendant Ruby Tuesday and Defendant Montgomery were done in a severe and outrageous manner and were so extreme as to be intolerable in a civilized society.

41. Defendants acted intentionally and recklessly which caused Plaintiff extreme emotional distress; including forbidding Plaintiff to speak to Defendant Montgomery, and when she was permitted to speak Defendants intentionally forced her to look at the ground when speaking to Defendant Montgomery in an outrageous, humiliating, and degrading manner.

42. As a result of the outrageous, wrongful actions aforesaid, Plaintiffs suffered severe emotional distress, injuries, damages and losses as hereinafter set forth.

## DAMAGES

43. Plaintiffs hereby restate each and every allegation contained in paragraphs one (1) through forty two (42) of this complaint as if fully rewritten herein.

44. As a direct and proximate result of the wrongful acts and/or omissions of the Defendants, Plaintiff Whitman was caused to suffer injuries, damages, and losses, including but not limited to: past lost wages, future lost wages, embarrassment, anxiety, fear, emotional distress, severe financial hardship, and attorney fees.

45. All of the aforementioned acts and/or omissions of Defendant Ruby Tuesday and Defendant Joe Montgomery were willful, wanton, and malicious and/or reckless.

WHEREFORE, Plaintiff Valeria Whitman, demands judgment against the Defendant Ruby Tuesday and Defendant Joe Montgomery, jointly and severally, and in an amount that would adequately compensate Plaintiff for the unlawful acts and/or omissions and violations of law by

Defendants, plus whatever other relief the Court or Jury would deem just; and for punitive damages in an amount adequate to punish and deter Defendants from committing this type of conduct in the State of West Virginia in the future and in such amounts as will satisfy all other reasons of law and public policy for an award of punitive damages; and Plaintiff further prays for an award of attorney fees, costs, interest, and for such other relief as the Court or jury deems just.

PLAINTIFF DEMANDS A TRIAL BY JURY.

                                    Valerie Whitman,
                                      By Counsel,

                                  _____

Erika Klie Kolenich, Esq. (9880)
Karl Kolenich, Esq. (12446)
Klie Law Offices, PLLC
85 W. Main St.
Buckhannon, WV 26201
(304) 472-5007
Facsimile: 304-472-1126
ehklie@klielawoffices.com
karl@klielawoffices.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

**VALERIE WHITMAN,**

    **Plaintiff,**

v.                                      Civil Action No. 1:17-CV-58 (Keeley)

**RUBY TUESDAY, INC.
and JOE MONTGOMERY,**

    **Defendants.**

**CERTIFICATE OF SERVICE**

      Service of the foregoing PLAINTIFFS' AMENDED COMPLAINT was had upon the defendants by CM/ECF this 20th day of April, 2017, to the following:

Charles K. Grant (WV Bar No. 5732)
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, Tennessee 37201
Telephone: (615)726-5767
Fax: (615)744-5767
Attorney for Defendants

                                                Respectfully submitted,

                                               _s/ Karl Kolenich_____

Erika Klie Kolenich, Esq. (9880)
Karl Kolenich, Esq. (12446)
Klie Law Offices, PLLC
85 W. Main St.
Buckhannon, WV 26201
(304) 472-5007
Facsimile: 304-472-1126
ehklie@klielawoffices.com
karl@klielawoffices.com