```
                UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**VALERIE WHITMAN,**

       **Plaintiff,**

**v.**                            **//   CIVIL ACTION NO. 1:17CV58**
                                              **(Judge Keeley)**

**RUBY TUESDAY, INC.**
**and JOE MONTGOMERY,**

       **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING**
**PLAINTIFF'S MOTION TO REMAND [DKT. NO. 3]**

Pending before the Court is the motion to remand filed by the plaintiff, Valerie Whitman ("Whitman") (dkt. no. 3). For the reasons that follow, the Court **GRANTS** Whitman's motion and **REMANDS** this civil action to the Circuit Court of Harrison County, West Virginia.

### I. BACKGROUND

On August 10, 2016, the defendant Ruby Tuesday, Inc. ("Ruby Tuesday" or "Company") hired Whitman as an assistant manager. After she completed her training at Ruby Tuesday's Uniontown, Pennsylvania location, Whitman began working as the assistant manger at Ruby Tuesday's Clarksburg, West Virginia, restaurant on October 3, 2016.

During her employment, Whitman performed all of her work duties in a satisfactory or above satisfactory manner and never committed any dischargeable offense. Nevertheless, shortly after beginning work at the Clarksburg location, Whitman experienced

gender discrimination, harassment, and a hostile work environment, largely due to the actions of the defendant, Joe Montgomery ("Montgomery"). Montgomery, who had knowledge of Whitman's lesbian sexual orientation prior to her employment at the Clarksburg location, refused to allow her to speak directly to him.[1] In addition, he made derogatory or degrading comments to Whitman regarding her sexual acts that were frequent, severe, physically threatening, and humiliating.[2]

Two weeks after she began work, Whitman reported the hostile work environment and discrimination to Shawna, the General Manager of Ruby Tuesday in Uniontown. Although Whitman met with Shawna, Buddy Beavers ("Beavers"),[3] and Montgomery to address her complaints, no one undertook any corrective action. Instead, the discrimination, harassment, and hostile work environment worsened.

Throughout Whitman's employment at the Clarksburg location,

---

[1] Montgomery required that Whitman have other employees who were permitted to speak directly to him relay any questions or messages. On those occasions that she could not use another employee, Whitman had to talk to Montgomery while looking down at the ground.

[2] These derogatory or degrading comments included, but were not limited to, "your kind aren't welcome here," and commenting that he would "never work with a gay person again."

[3] Neither party identifies Buddy Beavers's position at Ruby Tuesday.

she suffered sexual harassment from several other male employees who, like Montgomery, made inappropriate and unwelcome comments about sexual acts or insinuating sexual contact with her. She reported the sexual harassment to Montgomery, who laughed about the situation and again failed to take any corrective action. Further, when Whitman reported the sexual harassment to Beavers, he assured her that he would schedule a meeting regarding her complaints, but he never did so. On December 21, 2016, Beavers, on behalf of Ruby Tuesday, terminated Whitman's employment, stating as the basis that she had cursed at another employee and had made that employee cry.

On March 13, 2017, Whitman filed her complaint against the defendants in the Circuit Court of Harrison County, West Virginia, asserting four causes of action:

- **Count I:**     Gender Discrimination/Stereotyping under the WVHRA;

- **Count II:**    Hostile Work Environment - Sexual Harassment under the WVHRA;

- **Count III:**   Retaliatory Discharge under the WVHRA; and

- **Count IV:**    Tort of Outrage.

The complaint seeks compensatory damages, punitive damages, attorney fees, costs, interest, and any other relief the Court deems appropriate.

**WHITMAN V. RUBY TUESDAY, INC., ET AL                    1:17CV58**

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 3]**

On April 18, 2017, pursuant to 28 U.S.C. § 1332, the defendants removed the case to the this Court based on diversity jurisdiction, arguing that Whitman, a West Virginia citizen, had fraudulently joined Montgomery, who is also a West Virginia citizen, for the sole purpose of destroying diversity. On April 21, 2017, Whitman amended her complaint, adding several factual allegations to the existing claims (dkt. no. 2), and also filed a motion to remand (dkt. no. 3). The motion is fully briefed and ripe for review.

**II. STANDARD OF REVIEW**

**A. Removal and Remand**

28 U.S.C. § 1441 permits a defendant to remove a state court action to a federal district court if that court would have had diversity jurisdiction over the case when it was first filed. See KJBJ, LLC v. EnerVest Operating, LLC, 2016 WL 3566865, at *2 (N.D.W. Va., June 27, 2016). A district court has original jurisdiction when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a)(1). If the court lacks jurisdiction or has doubt "about the propriety of removal," the court should remand the case to state court. Horne v. Lightning Energy Servs., 123 F. Supp.

3d 830, 836 (N.D.W. Va., Aug. 12, 2015).

**B. Fraudulent Joinder**

When exercising diversity jurisdiction, federal courts can ignore the citizenship of "certain non-diverse defendants" if the plaintiff fraudulently joined them to defeat diversity. Id. at 218. A plaintiff fraudulently joins a defendant when (1) "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court" or (2) "there has been outright fraud in the plaintiff's pleadings of jurisdictional facts."[4] Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999). The party seeking removal bears the "heavy burden" of showing that "the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." Id. That is, if there is a "glimmer of hope" of the plaintiff's right to relief, the court will find no fraudulent joiner exists and deny the motion for removal. Id. at 426. A court is permitted to examine the entire record to determine whether a defendant was fraudulently joined. See Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). Nevertheless, a court should not

---

[4] The defendants do not contend that Whitman committed any outright fraud in her pleading of the jurisdictional facts.

"delve[e] too far into the merits" of the case to determine jurisdiction. <u>Hartley</u>, 187 F.3d at 425. Moreover, when determining whether removal was proper, a court must only examine the plaintiff's pleading at the time of removal. <u>See</u> <u>Pinney v. Nokia, Inc.</u>, 402 F.3d 430, 443 (4th Cir. 2005). Following its examination of the pleadings, a court concluding that the plaintiff has fraudulently joined a non-diverse defendant must dismiss that defendant. <u>See</u> <u>Carden v. Wal-Mart Stores, Inc.</u>, 574 F. Supp.2d 582, 588 (S.D.W. Va. 2008).

### III. DISCUSSION

Whitman contends that she did not fraudulently join Montgomery and argues that, because he is a non-diverse defendant, the Court lacks diversity jurisdiction. In response, the defendants assert that the Court should dismiss Montgomery from this case because he was fraudulently joined, and also because he was not served at the time of removal. Neither of the defendants' arguments has merit.

**A.    Fraudulent Joinder**

The defendants contend that Whitman failed to allege sufficient facts to establish a cause of action against Montgomery that would be actionable in state court. <u>See</u> <u>Hartley</u>, 187 F.3d at 424. During the scheduling conference conducted on June 30, 2017,

the Court heard argument from the parties on this issue and noted that Whitman had sufficiently alleged that Montgomery not only had knowledge of the harassment, discrimination, and hostile work environment, but also had failed to do anything about it and was personally responsible for many of the wrongful actions directed at Whitman. Consequently, it concluded that there was at least a "glimmer of hope" that Whitman could succeed on one or more of her claims against Montgomery. See id. at 426. Therefore, it found that Montgomery had not been fraudulently joined and it lacked subject matter jurisdiction to hear this case.

**B.   Failure to Properly Serve Montgomery at the Time of Removal**

The defendants also urge the Court to deny Whitman's motion to remand because Montgomery had not been properly served at the time of removal. The defendants cite 28 U.S.C. § 1441(b)(2), also known as the "forum defendant rule," which provides that "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined <u>and served</u> as defendants is a citizen of the State in which such action is brought." (emphasis added). Thus, they contend that, because Montgomery had not yet been served, removal was proper and the

**WHITMAN V. RUBY TUESDAY, INC., ET AL**     1:17CV58

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 3]**

Court may exercise jurisdiction.

18 U.S.C. § 1441(b)(2) is inapplicable here, however; it applies only to those cases in which the parties are indeed diverse, but one of the defendants is a citizen of the forum state and the plaintiffs are not. "[T]he forum defendant rule, is 'separate and apart from the statute conferring diversity jurisdiction . . . and confines removal on the basis of diversity to instances where no defendant is a citizen of the forum state.'" <u>Councell v. Homer Laughlin China Co.</u>, 823 F.Supp.2d 370, 377 (N.D.W. Va. 2011) (quoting <u>Lively v. Wild Oats Markets, Inc.</u>, 456 F.3d 933, 939 (9th Cir. 2006)).

Although the forum defendant rule confines or limits removal in those cases with forum defendants, it does not extinguish the requirement of 28 U.S.C. § 1332 that the parties must be diverse from one another.[5] Here, they are not. Accordingly, the fact that Montgomery was not served prior to removal does not permit the Court to exercise jurisdiction in this case.

---

[5]Indeed, every case cited by the defendants on this issue involves forum defendants and non-forum plaintiffs. <u>See</u> Dkt. No. 7 at 3- (citing <u>Carman v. Bayer Corp.</u>, 2009 WL 1649715, at *3 (N.D.W. Va. 2009); <u>Bloom v. Library Corp.</u>, 112 F.Supp.3d 498, 504-06 (N.D.W. Va. 2015); <u>Vitatoe v. Mylan Pharmaceuticals, Inc.</u>, 2008 WL 3540462, at *5 (N.D.W .Va. 2008); and <u>Small v. Ramsey</u>, 2010 WL 4394084, at *5 (N.D.W. Va. 2010)).

## IV. CONCLUSION

For the reasons discussed, Whitman's motion is granted and this civil action is **REMANDED** to the Circuit Court of Harrison County, West Virginia.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record and to the Circuit Court of Harrison County, West Virginia. It further **DIRECTS** the Clerk to enter a separate judgment order, and to remove this case from the Court's active docket.

DATED: August 8, 2017.

>                /s/ Irene M. Keeley
>                IRENE M. KEELEY
>                UNITED STATES DISTRICT JUDGE